```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,      )
                               )
         Plaintiff,            )
                               )
     v.                        )   Criminal No. 2019-34
                               )
REINALDO CRUZ TAURA,           )
                               )
         Defendant.            )
                               )
```

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**Nathan Brooks, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States of America,*

**David B. Rothman**
Rothman & Associates, P.A.
Miami, FL
**Treston E Moore**
Moore, Dodson and Russell
St. Thomas, U.S.V.I.
   *For Reinaldo Cruz Taura.*

## ORDER

**GÓMEZ, J.**

Before the Court is the emergency motion of Reinaldo Cruz Taura ("Taura") for release pending sentencing in this matter.

On May 29, 2019, the United States filed an Information charging Taura with one count of providing kickbacks in violation of 41 U.S.C. § 8702.

On October 22, 2019, Taura filed an application for permission to enter a plea in this matter. On the same date,

Taura filed a motion requesting that he remain on release pending his sentencing.

On October 23, 2019, the Court held a change of plea hearing in this matter. At that hearing, Taura pled guilty to the one count in the Information. Additionally, the Court heard argument on Taura's motion for release pending sentencing. Thereafter, the Court orally denied Taura's motion.

On March 18, 2020, Taura filed an emergency motion for release from custody pending sentencing. On March 20, 2020, Taura filed a motion requesting that the Court schedule a telephonic hearing on his emergency motion on an expedited basis.

On March 24, 2020, the United States filed an opposilty to Taura's emergency motion. Thereafter, on March 27, 2020, Taura filed a reply to the opposition of the United States.

On April 2, 2020, Taura filed (1) a supplement to his emergency motion and (2) a second motion for a hearing on his emergency motion.

Taura's sentencing hearing is currently set for May 7, 2020.

Section 3143 of the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, addresses the standard to be used when considering release

or detention of a defendant pending sentence. Section 3143 in pertinent part provides

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18. U.S.C. § 3143(a)(1). "The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).

In his emergency motion, Taura has not presented any additional evidence that changes the calculus with respect to the Court's evaluation of his likelihood to flee or pose a danger to the safety of the community. At best, he presents only speculative arguments that his confinement in the Metropolitan Detention Center at Guaynabo, Puerto Rico, ("MDC Guaynabo") increases his risk of contracting COVID-19. Taura's petition is wanting for several reasons.

There have been no confirmed cases of COVID-19 in MDC Guaynabo. Further, MDC Guaynabo has implemented a number of measures to protect its population. There is no evidence that such measures are, or have been, inadequate. Without any

evidence that MDC Guaynabo is not providing appropriate medical care, or is unable to provide appropriate medical care, the Court is not persuaded that Taura should be released. *Cf. United States v. Raia*, No. 20-1033, slip op. at 8 (3d Cir. Apr. 3, 2020) (recognizing that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). As such, the Court is not convinced that it should depart from its prior ruling denying release pending sentencing.

The premises considered, it is hereby

**ORDERED** that Taura's emergency motion, ECF No. 39, for release pending sentencing is **DENIED**; it is further

**ORDERED** that Taura's supplemental motion, ECF No. 45, for release pending sentencing, is **DENIED**; and it is further

**ORDERED** that Taura's motions, ECF No. 42 and ECF No. 46, for a hearing on his emergency motion for release pending sentencing are **MOOT**.

S\_____
**Curtis V. Gómez**
**District Judge**