# DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**REINALDO CRUZ TAURA,** )<br>)<br>**Defendant.** )<br>) | Case No. 3:19-cr-0034 |

**ATTORNEYS:**

**Gretchen Shappert, United States Attorney**
**Nathan Brooks, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**David B. Rothman**
Rothman & Associates, P.A.
Miami, FL
**Treston E Moore**
Moore, Dodson and Russell
St. Thomas, U.S.V.I.
    *For Reinaldo Cruz Taura.*

## **ORDER**

**MOLLOY, J.**

    Before the Court is the motion of Reinaldo Cruz Taura ("Taura") to conduct the sentencing in this matter by video conference.

On May 29, 2019, the United States filed an Information charging Taura with one count of providing kickbacks in violation of 41 U.S.C. § 8702. Thereafter, on October 23, 2019, Taura pled guilty to the one count in the Information. Taura's sentencing hearing is currently set for May 7, 2020.

On April 28, 2020, Taura filed a motion requesting the Court to enter an order authorizing Taura and his counsel to attend the sentencing hearing in this matter by video conference in light of the COVID-19 pandemic. Taura represents in his motion that the United States does not object to his request to conduct the sentencing by video conference.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use video teleconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49 ("[I]f the Judicial Conference of the United States finds that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect the functioning of [] the Federal courts generally . . ., the chief judge of a district court covered by the finding . . . specifically finds . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety, and the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, the . . . sentencing in that case may be conducted by video teleconference."); *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent of the defendant . . . after consultation with counsel.").

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally.

On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a third general order responding to the COVID-19 pandemic. In that order, the Chief Judge found that felony sentencing under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety.

Given these findings, Taura requests that the Court make a finding that the sentencing hearing in this matter cannot be further delayed without serious harm to the interests of justice. Taura argues that, while the Sentencing Guidelines range is 30 to 37 months,[1] he intends to argue that a departure or variance is warranted due to his health condition, Hereditary Angioedema ("HAE"), a disorder characterized by recurrent episodes of severe swelling. Specifically, Taura argues that incarceration increases the risks posed by his health condition, especially in light of COVID-19. Taura also intends to request that the Bureau of Prisons ("BOP") designate him to a suitable medical facility for monitoring and treatment of his condition. Taura asserts that such a designation cannot occur until a sentence has been imposed. Given these circumstances, Taura argues that a delay in sentencing would result in serious harm to the interests of justice.

Since the enactment of the CARES Act, most district courts have found that serious harm to the interests of justice exists when delay risks harm to a defendant's due process rights by, for example, forcing defendant to serve greater time in custody than the guideline range would recommend for his offense. *Cf. United States v. Short*, No. 3:15-CR-0174, 2020 U.S. Dist. LEXIS 72509 (D. Conn. Apr. 24, 2020); *United States v. Collazo*, No. 2:19-00120, 2020 U.S. Dist. LEXIS 67949 (S.D.W.V. Apr. 17, 2020); *United States v. Emory*, No. 19-00109 JAO, 2020 U.S. Dist. LEXIS 66148 (D. Haw. Apr. 13, 2020); *United States v. Jones*, No. 19-225, 2020 U.S. Dist. LEXIS 58149 (D. Minn. Apr. 2, 2020); *United States v. Harry*, No. 19-cr-535, 2020 U.S. Dist. LEXIS 56323 (E.D.N.Y. Mar. 31, 2020).

Here, were the Court to find that a variance or departure is warranted in this matter, a delay in the sentencing hearing could result in Taura serving a period of time in excess of

---

[1] The Court makes no conclusion here as to the applicable guideline range in this matter.

*United States v. Taura*
Case No. 3:19-cr-0034
Order
Page 4

his ultimate sentence.[2] Such a delay would prejudice Taura.[3] Consequently, the Court concludes that the sentencing hearing in this matter cannot be further delayed without serious harm to the interests of justice.

The premises considered, it is hereby

**ORDERED** that Taura's motion, ECF No. 48, to conduct the sentencing in this matter by video conference is **GRANTED**; and it is further

**ORDERED** that the public may access the video conference proceedings in this matter by calling 1-888-251-2909 and entering access code 5157509#**.**

S/    *Robert A. Molloy*
          **Robert A. Molloy**
          **District Judge**

---

[2] Taura has been detained in the Metropolitan Detention Center in Guaynabo, P.R., ("MDC Guaynabo") pending sentencing since October 24, 2019.

[3] Moreover, Taura also asserts that another BOP facility would be better equipped to provide care for and manage his specific health condition. While the Court has received no evidence that Taura is currently receiving inadequate treatment at MDC Guaynabo, arguably this could implicate Eighth Amendment concerns. *Cf. Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (discussing the "government's obligation" under the Eighth Amendment "to provide medical care for those whom it is punishing by incarceration").